UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN R. DUTKO,

       Plaintiff,                            Case No. 2:15-cv-10698
                                            District Judge Bernard A. Friedman
v.                                             Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S THIRD MOTION FOR EXTENSION (DE 16) AND SETTING A BRIEFING SCHEDULE

Plaintiff, Robin R. Dutko, filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for a review of a final decision of the Commissioner of Social Security denying her application for supplemental security income. (DE 1.) The Court issued a briefing schedule on June 15, 2015 (DE 11) and Plaintiff timely filed her motion for summary judgment on July 8, 2015 (DE 12). Defendant's response and cross-motion for summary judgment was initially due on August 7, 2015. On that date, Defendant filed an unopposed motion to extend the deadline until September 8, 2015. (DE 13.) The Court granted Defendant's motion on August 10, 2015. On September 8, 2015, however, Defendant filed a second motion for extension of time, seeking to extend her deadline until September 22, 2015 and noting that "no

2:15-cv-10698-BAF-APP   Doc # 17   Filed 09/22/15   Pg 2 of 4   Pg ID 152

further extensions [were] anticipated." (DE 14.) The Court granted the motion the same day. (DE 15.)

For the third time, <u>on the date her brief was due</u>, Defendant filed a motion for extension of time. In the instant motion, she seeks an additional fourteen days in which to file her response and cross-motion for summary judgment. (DE 16.) Defendant asserts that an extension is necessary to allow her time to "determine if remand is warranted in this case." (Id. at 1-2.) In addition, Defendant's counsel summarizes the large geographical area covered by her office and asserts that the Court may grant an extension pursuant to Federal Rule of Civil Procedure 6(b)(1). The Court is informed that Plaintiff opposes the motion, and quite frankly, can hardly blame her.

Pursuant to Federal Rule of Civil Procedure 6(b), the Court may extend the deadline when good cause is shown. A party shows good cause by demonstrating a "'reasonable justification' for its failure to complete the requested task within the time prescribed." *Rainey v. U.S. Bank Nat. Ass'n*, No. 11-12520, 2011 WL 4954154, at *1 (E.D. Mich. Oct. 18, 2011) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

Here, Defendant fails to show good cause to justify the grant of a third extension of time in which to file her motion for summary judgment. Plaintiff filed her motion for summary judgment on July 8, 2015. Defendant has therefore had

2

two and a half months to "determine if remand is warranted in this case." She does not offer a reasonable justification for her failure to complete the task within the time prescribed, and instead describes the large area covered by her counsel. While the Court is not unsympathetic to Defendant's counsel's caseload, "the normal press of business certainly does not rise to [the good cause] standard." *Id.* at *2. Moreover, the question of whether "remand is warranted" is essentially the question of whether the appeal has merit, or conversely, whether the Commissioner can justify defending the ALJ's decision. The Commissioner certainly should have been able to figure out the answer to this question by now, even if the demands of a large caseload make it difficult to fully draft a brief on the merits.

However, with some hesitation and in an effort to ensure this case is decided on its merits, the Court will grant Defendant a very brief extension in which to file her motion. Accordingly, Defendant must file her motion for summary judgment **ON OR BEFORE FRIDAY, SEPTEMBER 25, 2015 at 5:00 P.M.** Plaintiff may file a reply to Defendant's motion **ON OR BEFORE TUESDAY, OCTOBER 6, 2015**.

Defendant is cautioned that <u>no further extensions</u> will be granted to her in this matter, and further cautioned that in future cases even short third extensions—particularly on the basis of a need to determine if "remand is warranted" and filed on the actual due date—are extremely unlikely.

3

**IT IS SO ORDERED.**

Dated: September 22, 2015                s/Anthony P. Patti
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE


I hereby Certify that a copy of the foregoing document was sent to parties of record on September 22, 2015, electronically and/or by U.S. Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti