UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN R. DUTKO,

    Plaintiff,                                            Civil Action No. 15-CV-10698

vs.                                                    HON. BERNARD A. FRIEDMAN

CAROLYN W. COLVIN,

    Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on cross motions for summary judgment [docket entries 12, 18]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny plaintiff's motion and grant defendant's motion.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's denial of her application for Supplemental Security Income ("SSI") benefits. An Administrative Law Judge ("ALJ") held a hearing in July 2013 (Tr. 86-96) and issued a decision denying benefits in August 2013 (Tr. 15-22). This became defendant's final decision in January 2015 when the Appeals Council denied plaintiff's request for review (Tr. 3-6).

Under § 405(g), the issue is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination, the Court does not review the record de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's

decision must be upheld even if substantial evidence would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

The issue in this case is whether substantial evidence supports defendant's decision that plaintiff is ineligible for SSI benefits because she "is married and . . . her household income exceeds the resource limitations . . ." (Tr. 20). Plaintiff does not challenge the latter finding (i.e., that she is ineligible if she is deemed to be married); rather, she challenges only the ALJ's finding that under defendant's regulations she is deemed to married.

At the hearing, plaintiff testified that she divorced in 1989 and has been living with Dan Belcher since 1992, that she relies on him for money, that they live together as girlfriend-boyfriend, that they do not consider themselves "domestic partners," that they have never held themselves out as being married, that since 2004 she has had health insurance through Belcher's work coverage, that she and Belcher purchased their house together in 1998 and are both on the mortgage and deed, and that she intends to reimburse Belcher for the bills he has paid (Tr. 90-95).

In finding that plaintiff and Belcher are married for SSI purposes, the ALJ cited plaintiff's testimony that she and Belcher are both on the deed and mortgage for the house they share and that she is covered by Belcher's health insurance plan (Tr. 19). He also pointed to Exhibits B2 ("Application Summary for Supplemental Security Income" and "Review Statement Summary for Supplemental Security Income," both dated April 2, 2013) (Tr. 33-53), B7 (undated "Associated Remarks") (Tr. 66), and B8 (undated "Report of Contact") (Tr. 67). Exhibit B2 is a summary of plaintiff's application for SSI benefits in which she indicated that she and Belcher "present ourselves to others as husband and wife" (Tr. 34, 44), and that Belcher is her "spouse" (Tr. 34) or "other

relative" (Tr. 45). Exhibit B7 appears to be an undated report by a representative of Social Security of plaintiff's statement that "I receive health insurance benefits through my live in boyfriend as a domestic partnership" [sic] (Tr. 66). Exhibit B8, also undated, appears to be a report by a representative of Social Security of plaintiff's statement that "she is receiving health insurance benefits from her boyfriend. When asked she receives [sic] benefits if she is not married she said that she is listed as a domestic partner for the purposes of insurance" (Tr. 67).

>Two regulations in particular govern this issue. 20 C.F.R. § 416.1806 states:
>
>Whether you are married and who is your spouse.
>
>(a) We will consider someone to be your spouse (and therefore consider you to be married) for SSI purposes if—
>
>\*   \*   \*
>
>(3) You and an unrelated person of the opposite sex are living together in the same household at or after the time you apply for SSI benefits, and you both lead people to believe that you are husband and wife.

20 C.F.R. § 416.1826 states:

>Showing that you are not married when you apply for SSI.
>
>(a) General rule: Proof is unnecessary. If you do not live with an unrelated person of the opposite sex and you say that you are not married, we will generally accept your statement unless we have information to the contrary.
>
>\*   \*   \*
>
>(c) Exception: If you are living with an unrelated person of the opposite sex.
>
>(1) If you are living with an unrelated person of the opposite sex, you and the person you are living with must explain to us what your relationship is and answer questions such as the following:

>   (i) What names are the two of you known by?
>
>   (ii) Do you introduce yourselves as husband and wife? If not, how are you introduced?
>
>   (iii) What names are used on mail for each of you?
>
>   (iv) Who owns or rents the place where you live?
>
>   (v) Do any deeds, leases, time payment papers, tax papers, or any other papers show you as husband and wife?
>
>   (2) We will consider you married to the person you live with unless the information we have, including the answers to the questions in paragraph (c)(1) of this section, all considered together, show that the two of you do not lead people to believe that you are each other's husband and wife.

On this record, the ALJ could reasonably find that plaintiff and Belcher were married for SSI purposes because they had been living together for an extended period of time, they jointly took out a mortgage loan and jointly purchased the home where they lived together, and plaintiff was covered by Belcher's insurance through his health plan at work. On the latter point, the Court takes judicial notice of the fact that such insurance coverage cannot be extended to unrelated third parties, but only to family members, including spouses and domestic partners. Additionally, when plaintiff applied for SSI benefits she indicated that she and Belcher "present ourselves to others as husband and wife" (Tr. 34, 44) and that Belcher is her "spouse" (Tr. 34). While plaintiff now denies having made these statements, the application summary (Tr. 33-43) and "review statement summary" (Tr. 44-53) both advised plaintiff to review all of the information contained therein and, in the event they contained any errors, to "contact us within 10 days after receiving this summary to let us know" (Tr. 33, 44). There is no indication in the record, and plaintiff does not contend, that she ever corrected the statements in her application summaries that she and Belcher held themselves out as being

married or that Belcher was her spouse. For these reasons, the Court concludes that the ALJ's decision is supported by substantial evidence.[1]  Accordingly,

       IT IS ORDERED that plaintiff's motion for summary judgment is denied

       IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

       _s/ Bernard A. Friedman____
       BERNARD A. FRIEDMAN
       SENIOR UNITED STATES DISTRICT JUDGE

Dated:  November 5, 2015
       Detroit, Michigan

---

[1] Plaintiff indicates in her summary judgment motion that Belcher died in January 2015. Pl.'s Br. at 5-6.  Assuming she is otherwise eligible, plaintiff is free to submit another application for SSI benefits.  The instant case deals only with plaintiff's eligibility through the date of the ALJ's decision.